People v Jacobs (2025 NY Slip Op 52031(U))

[*1]

People v Jacobs

2025 NY Slip Op 52031(U)

Decided on December 18, 2025

Criminal Court Of The City Of New York, Kings County

Tisne, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 18, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
John Jacobs.

Docket No. CR-027750-25KN

For the People: William Pak
For defendant: Emma Sherry

Philip V. Tisne, J.

On June 8, 2025, the People commenced this action by filing an information that charged defendant with Operating a Motor Vehicle While Under the Influence of Alcohol (VTL § 1192[1], [3]) and Disorderly Conduct (Penal Law § 240.20[5]). Because defendant was charged with misdemeanors only, at least one of which carried a potential jail sentence exceeding three months, the People were required to announce their trial readiness within 90 days of the action's commencement—i.e., on or before September 6, 2025. See CPL 30.30(1)(b), (4). The People filed a certificate of compliance ("COC") and statement of readiness on September 5, 2025. Defendant now moves to dismiss the action on the ground that alleged discovery violations render the People's COC invalid and their statement of readiness illusory. The court assumes the parties' familiarity with the facts and arguments raised in the motion. For the reasons explained below, the motion to dismiss is GRANTED.
In every criminal action, the People are required to "automatically" disclose a list of materials set out in CPL 245.20. To validly declare ready, the People must first file a COC certifying that, "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery, the prosecution has disclosed and made available all known material and information it has obtained subject to discovery." CPL 245.50(1), (3). On a motion to challenge the validity of a COC, the defendant bears the initial burden to identify discovery that the People failed to produce. There can be no claim that the People failed to validly certify their compliance with discovery obligations absent an allegation that the People in fact failed to comply with their discovery obligations. Once the defendant alleges a discovery violation, the People "bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure." People v Bay, 41 NY3d 200, 213 (2023). In determining whether the People have met that burden, the "key question" is whether they made "reasonable efforts to comply with statutory directives." Id. at 211 (cleaned up); see CPL 245.50(6). This is a "fundamentally case-specific" inquiry that turns on a variety of factors, including a list of factors set out in the discovery statute. Bay, 41 NY3d at 212; see CPL 245.50(5)(a).
Here, defendant argues that the People failed to disclose certain items of police paperwork. The People's production confirms that one of the allegedly omitted items was created in this case. The People claim that the remaining items may not have been created, although they cannot confirm that claim. Defendant has articulated a basis for believing that the omitted items exist and has described, albeit not in detail, why the items may be relevant to the defense. The People were therefore required to demonstrate that they made reasonable efforts to comply with their discovery obligations, despite the alleged omissions. The People failed to carry that burden here. Their submissions state in full: "On July 16, 2025, the People requested discovery and updated Giglio information. On July 24, 2025, the People learned that certain discoverable items did not exist in this case. On September 5, 2025, the People served and filed their Certificate of Compliance, Statement of Readiness, and Notice and Disclosure Form." This bare record is not sufficient to demonstrate the People's reasonably diligent efforts, and the court is constrained to conclude that the People's COC is not valid.
This result reflects the adequacy of the People's filings in response to defendant's motion, not the adequacy of their compliance efforts, and it was hardly inevitable. Under the discovery statute, dismissal of an action is rarely warranted, so long as the People document their efforts to comply with statutory mandates. In most misdemeanor cases, this should be straightforward. Where the People request potentially discoverable material from an external agency, their submissions should set forth when the request was made and should specify who made the request, to whom it was made, and what material was requested. The People's submissions should also detail what responsive material was received and when, and should set forth who reviewed the material and when, and whether any follow-up requests ensued. The People's submissions should contain similar information where potentially discoverable material is sought through a shared information management system: the People should detail who accessed the system and when, what materials were sought and what materials were retrieved, and who reviewed those materials and when. Any other investigative efforts should also be detailed in the papers. And when prosecutors rely on non-attorney staff to perform case-related work, their submissions should also contain information about the attorney supervision of those lay efforts. This information is necessary to generate a record that is sufficient to allow a judicial finding of diligence.
No such record was made here. On this record, the court cannot conclude that the People exercised due diligence and made reasonable efforts to comply with their discovery obligations. The People's COC is thus invalid, and their statement of readiness is illusory. Because the People failed to timely declare trial readiness under CPL 30.30(1)(b), the action must be dismissed.
Dated: December 18, 2025
Brooklyn, New York
Hon. Philip V. Tisne